UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **APPALACHIAN VOICES,**     )<br>    191 Howard Street, Boone, NC 28607; and )<br>**THE CANARY COALITION,**     )<br>    1286 W. Main Street, Sylva, NC 28779,   )<br>                )<br>        **Plaintiffs,**      )<br>                )<br>    v.          )<br>                )<br>**SAMUEL W. BODMAN,** in his official   )<br>capacity as Secretary of the United States  )<br>Department of Energy; **HENRY M.**    )<br>**PAULSON, JR.,** in his official capacity as  )<br>Secretary of the United States Department of )<br>the Treasury; **VICTOR K. DER,** in his official )<br>capacity as Deputy Secretary for Clean Coal; and )<br>**JOSEPH GIOVE, III,** in his official capacity )<br>As Program Analyst for the Office of Clean  )<br>Energy Systems,        )<br>                )<br>        **Defendants.**      ) | Civil Action No._____ |

**COMPLAINT**

## INTRODUCTION

1. Plaintiffs, Appalachian Voices and the Canary Coalition, seek declaratory and injunctive relief against the United States Department of Energy ("DOE") and the United States Department of the Treasury ("DOT") for violating the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370d (2007), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–596, 601–612, and 701–706 (2007), by failing to evaluate the environmental impacts associated with certifying one billion dollars in tax credits promoting the construction and operation of nine experimental coal-based energy projects authorized under the Energy Policy Act of 2005.

## **VENUE & JURISDICTION**

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

3. Because this case involves violations of federal law that can be cured by this Court, subject matter jurisdiction is appropriate pursuant to: 28 U.S.C. § 1331 (2007) (federal question); 28 U.S.C. § 1346(a)(2) (2007) (United States as a defendant); 28 U.S.C. § 1361 (2007) (mandamus); 28 U.S.C. § 2201(a) (2007) (declaratory judgments); and 28 U.S.C. § 2202 (2007) (additional relief).

## **THE PARTIES**

4. Appalachian Voices is a non-profit, member-based organization based in Boone, North Carolina and is incorporated under the laws of North Carolina.

5. Appalachian Voices brings people together to solve the environmental problems having the greatest impact on the central and southern Appalachian Mountains.

6. Appalachian Voices has members who live near, own property near, reside near, own businesses near, visit and otherwise use and enjoy the areas surrounding, and downwind of, Duke Energy's proposed Cliffside power plant in Rutherford and Cleveland counties in North Carolina.

7. Appalachian Voices' members utilize the areas surrounding, and downwind of, the proposed power plant permanently and regularly to fulfill a variety of legally protected interests including: raising children; residences; owning and operating businesses; swimming; fishing; boating; education; breathing; domestic and municipal water supplies; wildlife viewing; recreation; and aesthetic and spiritual fulfillment.

8. Members of Appalachian Voices plan to use the area surrounding, and downwind of, the proposed power plant permanently and regularly as they have customarily done well into the foreseeable future.

9. Appalachian Voices has members who live near, own property near, reside near, own businesses near, visit and otherwise use and enjoy the coalfield regions of the central and southern Appalachian Mountains.

10. Appalachian Voices' members utilize the coalfield regions of the central Appalachian Mountains permanently and regularly to fulfill a variety of legally protected interests including: raising children; residences; owning and operating businesses; swimming; fishing; hunting; boating; education; breathing; domestic and municipal water supplies; wildlife viewing; recreation; and aesthetic and spiritual fulfillment.

11. Members of Appalachian Voices plan to use the coalfield regions of the central Appalachian Mountains permanently and regularly as they have customarily done well into the foreseeable future.

12. Appalachian Voices' members have suffered, are suffering, and are threatened with, actual injury from Defendants' failure to comply with the National Environmental Policy Act.

13. Because the interests of Appalachian Voices' members are directly and irreparably injured by the Defendants' violation of federal law, Appalachian Voices brings this action on behalf of these members and itself.

14. The Canary Coalition is a non-profit organization based in Sylva, North Carolina and is incorporated under the laws of North Carolina.

15. The Canary Coalition works to raise public awareness about the air quality crisis in the Smoky Mountains, the Greater Appalachian region, and nationwide, generating a groundswell of public support to reduce or eliminate major sources of air pollution, thereby improving the health and quality of life enjoyed by all those who breathe.

16. The Canary Coalition has members who live near, own property near, reside near, own businesses near, visit and otherwise use and enjoy the area surrounding, and downwind of, Duke Energy's proposed Cliffside power plant in Rutherford and Cleveland counties in North Carolina.

17. The Canary Coalition's members utilize the areas surrounding, and downwind of, the proposed power plant permanently and regularly to fulfill a variety of legally protected interests including: raising children; local residences; owning and operating businesses; swimming; fishing; boating; education; breathing; domestic and municipal water supplies; wildlife viewing; recreation; and aesthetic and spiritual fulfillment.

18. Members of the Canary Coalition plan to use the area surrounding, and downwind of, the proposed power plant permanently and regularly as they have customarily done well into the foreseeable future.

19. The Canary Coalition's members have suffered, are suffering, and are threatened by actual injury from Defendants' failure to comply with the National Environmental Policy Act.

20. Because the interests of the Canary Coalition's members are directly and irreparably injured by the Defendants' violation of federal law, the Canary Coalition brings this action on behalf of these members and itself.

21. Defendant Samuel K. Bodman is the Secretary of the United States Department of Energy.

22. Defendant Henry M. Paulson, Jr., is the Secretary of the United States Department of the Treasury.

23. Defendant Victor K. Der is the Deputy Secretary of Clean Coal within the United States Department of Energy.

24. Defendant Joseph Giove, III, is the Program Analyst for the Office of Clean Energy Systems, within the United States Department of Energy.

## THE NATIONAL ENVIRONMENTAL POLICY ACT

25. Plaintiffs re-allege, as though fully set forth herein, every allegation contained in each of the foregoing paragraphs.

26. The National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370d (2007), was intended to reduce or eliminate environmental damage by requiring all federal agencies to take a hard look at the environmental consequences of their actions.

27. When any federal agency proposes major federal actions that may significantly affect the quality of the human environment, such as allocating one billion dollars in tax credits to facilitate the construction and operation of nine different experimental coal-based energy projects, NEPA controls an agency's planning and decision-making.

28. Federal agencies have just three options for complying with NEPA: (1) exclude the action from further analysis because the action belongs to a class of actions that normally have insignificant impacts; or (2) prepare an Environmental Impact Statement ("EIS") because the proposed action normally has significant impacts; or (3) prepare an Environmental Assessment ("EA") to determine whether the impacts may be significant.

29. If an EA demonstrates that the action will have significant impacts, federal agencies must prepare an EIS that evaluates, *inter alia*: (1) individual and cumulative impacts of the proposed action; (2) alternatives to the proposed action; and (3) measures to mitigate the action's unavoidable impacts.

## THE ADMINISTRATIVE PROCEDURE ACT

30. Plaintiffs re-allege, as though fully set forth herein, every allegation contained in each of the foregoing paragraphs.

31. Judicial review of Defendants' actions under NEPA is governed by the APA which requires a court to set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2007).

## STATEMENT OF FACTS

32. Plaintiffs re-allege, as though fully set forth herein, every allegation contained in each of the foregoing paragraphs.

33. On or about 30 November 2006, Defendants approved the allocation of one billion dollars in tax credits to facilitate the construction and operation of nine experimental coal-fueled energy projects pursuant to the Energy Policy Act of 2005.

34. Unlike other programs in the Energy Policy Act of 2005, Congress did not exempt these tax credit allocations from the requirements of the National Environmental Policy Act.

35. Defendant, the Department of Energy, identified these facilities as: (A) Duke Energy's Bituminous IGCC Project in Edwardsport, IN; (B) Tampa Electric's Bituminous IGCC Project in Polk County, FL; (C) Mississippi Power Company's Lignite IGCC Project in Kemper County, MS; (D) Duke Energy's Advanced Coal Project in Rutherford and Cleveland Counties, NC; (E) E.ON U.S. & Louisville Gas and Electric's Advanced Coal Project in Bedford, KY; (F) Carson Hydrogen Power's Gasification Project in Carson, CA; (G) TX Energy's Gasification Project in Longview, TX; and (H) two gasification projects whose proponents "chose not to have their awards announced."

36. Extracting, processing, transporting, incinerating and disposing the coal used to power these facilities will have significant environmental impacts.

37. At least one of the tax credit recipients, Duke Energy in North Carolina, currently obtains coal extracted by erasing mountaintops from the skyline of the Appalachian Mountains and Duke plans to continue using such coal to fuel its new power plant.

38. Coal-fueled power plants, including those receiving tax credits pursuant to the Energy Policy Act of 2005, are, individually and cumulatively, major sources of air pollution significantly affecting the quality of the human environment.

39. Coal-fueled power plants, including those receiving tax credits pursuant to the Energy Policy Act of 2005, are the principle force driving the market for, and environmental degradation resulting from, mining, processing, transporting, burning and disposing coal.

40. Ignoring the significant environmental impacts associated with coal's cradle-to-grave lifecycle, Defendants approved the allocation of the tax credits without preparing a comprehensive environmental impact statement evaluating the individual and cumulative environmental impacts associated with developing these nine experimental coal-fueled projects.

41. Six of the seven publicly identified projects, ranging from 390–1744 megawatts, far exceed the capacity of facilities for which the Department of Energy normally prepares an environmental impact statement.

42. On 29 June 2007, *via* certified mail, return receipt requested, Appalachian Voices notified the Department of Energy that it was in violation of NEPA for failing to perform any NEPA analysis regarding the impacts of these experimental projects.

43. In an effort to avoid this litigation, Appalachian Voices provided the Department of Energy thirty days to correct or explain its violation of NEPA.

44. As of today's date, the Department of Energy has failed to respond to plaintiff's notice.

**PLAINTIFFS' CLAIM: DEFENDANTS VIOLATED THE NATIONAL ENVIRONMENTAL POLICY ACT AND THE ADMINISTRATIVE PROCEDURE ACT BY FAILING TO ASSESS THE INDIVIDUAL AND CUMULATIVE ENVIRONMENTAL IMPACTS ASSOCIATED WITH CONSTRUCTING AND OPERATING NINE EXPERIMENTAL COAL-FUELED POWER PROJECTS**

45. Plaintiffs re-allege, as though fully set forth herein, every allegation contained in each of the foregoing paragraphs.

46. Defendants have violated, and continue to violate, NEPA by refusing to: (1) exclude the action from further analysis because the action normally has insignificant impacts; or (2) prepare an EIS because the impacts normally require such analysis; or (3) prepare an EA to determine whether the impacts may be significant.

47. Defendants' refusal to comply with NEPA is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2007).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this honorable Court to enter judgment in their favor and:

1. Determine and declare that Defendants have violated NEPA and the APA by failing to prepare either an environmental assessment or an environmental impact statement evaluating the individual and cumulative environmental impacts of the nine facilities for which it allocated one billion dollars in tax credits;

2. Order Defendants to revoke or suspend the tax credits until they fully comply with NEPA and the APA by evaluating the individual and cumulative impacts associated with constructing, operating and maintaining these nine facilities, including, *inter alia*: deforestation associated with surface mining; underground mining; endangered, threatened and rare species; blasting (including destruction of aquifers, and drinking water contamination); valley fills; toxic sludge and air pollution created during coal processing; breaches of sludge dams; injection of slurry/sludge into abandoned mines; subsidence above underground mines; transportation of coal by rail, truck and barge; carbon dioxide and other greenhouse gases produced during coal mining, and transport; acid mine drainage; sedimentation in streams, lakes and rivers; landslides; water use and pollution during processing; socio-economic impacts of mining, combusting and disposing of coal; air pollution from combustion (including, all criteria pollutants, greenhouse gases and toxic &

hazardous air pollutants); post-combustion waste storage, handling and disposal; water pollution created before, during and after combustion; the additional pollution and costs of retrofitting the proposed integrated gas combined cycle facilities which are currently designed without sequestration; and issues of environmental justice in each community where the coal used to power these projects will be mined, transported, incinerated and disposed of as air pollution and toxic post-combustion waste.

      3. Enjoin Defendants from approving the remainder of the tax credits under the Energy Policy Act of 2005 until Defendants comply with NEPA and the APA.

      4. Award Plaintiffs costs (including reasonable attorney, witness, and consultant fees) under the Equal Access to Justice Act; under Rule 54 of the Federal Rules of Civil Procedure, and under any statutory authority of this Court.

      5. Award such other relief this Court deems appropriate, just, and proper.

Dated at Asheville, North Carolina this 3rd day of March 2008.


/s/ Scott Gollwitzer
Scott Gollwitzer

ATTORNEY FOR PLAINTIFFS

Scott Gollwitzer
In-house Counsel
Appalachian Voices
16 Eagle Street, Suite 200
Asheville, NC 28801
Ph: 828.505.1963
Fax: 828.262.1540
E-mail: scott@appvoices.org
NY Bar No. 2890697
VT Bar No. 3293
For Appalachian Voices

OF COUNSEL

| Benjamin J. Wakefield | Stephen H. Novak |
| --- | --- |
| Counsel | Senior Staff Attorney |

9

| | |
|---|---|
| Environmental Integrity Project | Wildlaw |
| 901 Eighteenth Street NW, Suite 250 | 46 Haywood Street, Suite 323 |
| Washington, DC 20006 | Asheville, NC 28801 |
| Phone: 202.263.4442 | Ph: 828.252.9223 |
| Fax:    202.296.8822 | Fax: 828.252.9074 |
| E-mail: bwakefield@environmentalintegrity.org | E-mail: wildlawNC@aol.com |
| D.C. Bar No. 482984 | NC Bar No. 23411 |

## Certificate of Service

I hereby certify that on 03 March 2008, a copy of the foregoing was hand-delivered to the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.


/s/ Scott Gollwitzer
Scott Gollwitzer

ATTORNEY FOR PLAINTIFFS

# I. 

**(a) PLAINTIFFS**

~~Watauga County, North Carolina~~

APPALACHIAN VOICES, ET AL

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

~~Washington, D~~ Samuel Bodman
et. al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Scott Gollwitzer, In-house Counsel
Appalachian Voices
16 Eagle Street, Suite 200
Asheville, NC 28801 PH: 828.505.1963

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00380
Assigned To : Urbina, Ricardo M.
Assign. Date : 3/3/2008
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**✖ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**● D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**    OR    **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑥

|  |  |  |  |
|---|---|---|---|
| ○ **G.** *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ **H.** *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ **I.** *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ **M.** *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ **N.** *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. § 4321-4370d--Refusal to conduct any analysis of environmental impacts associated with funding (tax credits) experimental coal-powered project

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $**   **JURY DEMAND:** YES ☐ NO ☒   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☐ If yes, please complete related case form.

**DATE** 03 March 2008   **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.