UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPALACHIAN VOICES *et al.*,  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| v.  ) | No. 1:08-cv-00380-RMU |
| ) | |
| SAMUEL W. BODMAN *et al.*,  ) | |
| ) | |
| Defendants.  ) | |

**PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING ON THEIR PENDING MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to LCvR 65.1(d), Plaintiffs, by and through counsel, request this honorable Court to set a hearing on their pending motion for preliminary injunction "no later than twenty (20) days after [this] filing, unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties." LCvR 65.1(d). Defendants' recently filed Notice Regarding Duke Energy's April 4, 2008, Filing With the North Carolina Utilities Commission, Docket No. 9, provides the facts which make expedition essential.

Specifically, since 29 February 2008 (the date of Duke Energy's last filing with the NC Utilities Commission before its 04 April 2008 filing), Defendant, IRS, had been actively renegotiating the amount of tax credits available to Duke Energy. See Docket No. 9, Exhibit 1, Let. of Duke Energy to N.C. Util. Comm'n, filed February 4, 2008 (explaining that Duke Energy "has now reached agreement with the United States Internal Revenue Service that the

1

Company's new Cliffside Unit 6 will qualify for the full $125 million advanced clean coal federal tax credit.").[1]

An expedited hearing and resolution of Plaintiffs' motion is essential because Plaintiffs will be harmed as ostensible innocent third-party tax credit recipients (e.g. Duke Energy), state regulatory authorities (e.g. the N.C. Utilities Commission), shareholders and contractors will set in motion a series of events such that important environmental impacts will occur or be overlooked.  See Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 349 (1989) ("by focusing the agency's attention on the environmental consequences of a proposed project, NEPA ensures that important effects will not be overlooked or underestimated only to be discovered after resources have been committed or the die otherwise cast.") (citations omitted).  Unless and until a determination is made on Plaintiffs' motion, Plaintiffs and the aforementioned innocent third parties will be irrevocably harmed as Defendants continue to make promises that they may not be able to keep after complying with the National Environmental Policy Act.

In further support of this request, Plaintiffs incorporate, as though fully recounted herein, Plaintiffs' Memorandum of law in Support of Preliminary Injunction, and Plaintiffs' Reply to Defendants' Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction.

Plaintiffs' counsel conferred with defense counsel on 23 April 2008, and learned that Defendants will oppose this motion for an expedited hearing.

---

[1] It is noteworthy that the negotiations to double the available tax credit began after this suit was initiated on Monday, 03 March 2008.

Dated this 24th day of April 2008, at Asheville, North Carolina.

/s/ Scott Gollwitzer
Scott Gollwitzer

ATTORNEYS FOR PLAINTIFFS

Scott Gollwitzer
In-house Counsel
Appalachian Voices
16 Eagle Street, Suite 200
Asheville, NC 28801
Ph:  828.505.1963
Fax: 828.262.1540
E-mail: scott@appvoices.org
D.D.C. Bar No. TN0003
On behalf of Appalachian Voices

Stephen H. Novak
Senior Staff Attorney
Wildlaw
46 Haywood Street, Suite 323
Asheville, NC 28801
Ph:  828.252.9223
Fax: 828.252.9074
E-mail: wildlawNC@aol.com
NC Bar No. 23411
On behalf of The Canary Coalition

OF COUNSEL

Benjamin J. Wakefield
Counsel
Environmental Integrity Project
1920 L Street, N.W., Suite 800
Washington, DC 20036
Phone: 202.263.4442
Fax:    202.296.8822
E-mail: bwakefield@environmentalintegrity.org
D.C. Bar No. 482984

### Certificate of Service

I hereby certify that on 24 April 2008, notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Scott Gollwitzer
Scott Gollwitzer