UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| APPALACHIAN VOICES and<br>THE CANARY COALITION, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAMUEL W. BODMAN, in his official<br>capacity as Secretary of the United States<br>Department of Energy; HENRY M.<br>PAULSON, JR., in his official capacity as<br>Secretary of the United States Department<br>of the Treasury; VICTOR K. DER, in his<br>official capacity as Deputy Secretary for<br>Clean Coal; and JOSEPH GLOVE, III, in<br>his official capacity as Program Analyst for<br>the Office of Clean Energy Systems, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:08-cv-00380-RMU |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR
AN EXPEDITED HEARING ON THEIR PENDING MOTION FOR A PRELIMINARY
INJUNCTION**

Plaintiffs have moved pursuant to Local Rule 65.1(d) for an expedited hearing on their

pending application for preliminary injunction. Docket No. 10. Because expedition is not

essential, Plaintiffs' motion should be denied.

Local Rule 65.1(d) states that "[o]n request of the moving party together with a statement

of the facts which make expedition essential, a hearing on an application for preliminary

injunction shall be set by the court no later than 20 days after its filing . . . ." Plaintiffs have not

set forth facts that warrant an expedited hearing. Plaintiffs' motion states that expedition is

essential because Plaintiffs will otherwise be harmed by a "series of events" set into motion by

various third parties not before this Court "such that important environmental impacts will occur or be overlooked."[1]/ Docket No. 10 at 2. Because Plaintiffs' vague assertions do not identify any particular reason why a hearing on Plaintiffs' preliminary injunction application is required in the next 20 days, Plaintiffs' motion should be denied. As Defendants have demonstrated in their response to Plaintiffs' preliminary injunction application, Docket No. 6, Plaintiffs cannot show any imminent harm stemming from the Internal Revenue Service's allocation of Internal Revenue Code Section 48A or 48B tax credits. The proposed clean coal project that Plaintiffs assert will cause one of its members harm, see Docket 3 at 12-14, is not expected to be operational for years and, in any event, the injunction sought by Plaintiffs would not prevent the project from moving forward. See Docket No. 6 at 32-35. To the extent that Plaintiffs' motion asserts an injury from the alleged NEPA violation, Docket No. 10 at 2, they have not shown how such an alleged procedural injury could warrant expedited hearing.[2]/ In addition, Plaintiffs' assertion that expedited hearing is essential is belied by the fact that Plaintiffs delayed 15 months after the allocation of tax credits was announced before filing this lawsuit and seeking emergency relief. See Docket No. 34-35. Plaintiffs' motion is thus without merit.

---

[1]/    Plaintiffs also assert, with little explanation, that recent public statements by Duke Energy Carolinas, LLC, ("Duke Energy") that the company currently plans to claim a $125 million tax credit for its proposed Cliffside project is a reason for an expedited hearing. Docket No. 10 at 1-2. This fact, however, is unremarkable. It is has been public knowledge since Defendants' announcement on November 30, 2006, that Duke Energy was allocated a tax credit of $125 million for the Cliffside facility; the amounts of the tax credit allocated to four other projects were also announced and ranged from $125 million to $133.5 million. See Docket No. 6 Ex. 3 (DOE Fact Sheet, also available at http://www.doe.gov/media/CleanCoalTaxCreditFactSheet.pdf  (last visited April 24, 2008)).

[2]/    As Defendants have shown, procedural injury is insufficient to constitute irreparable harm justifying a preliminary injunction. See Docket No. 6 at 33-34.

For the foregoing reasons and the reasons set forth in Defendants' response brief, Docket

No. 6, the Court should deny Plaintiffs' motion for an expedited hearing, summarily deny

Plaintiffs' application for preliminary injunction, and have this case proceed in the ordinary

course.

Respectfully submitted this 24th day of April 2008.

                                  RONALD J. TENPAS
                                  Assistant Attorney General
                                  Environment and Natural Resources Division

                                  /s/ Rachel A. Dougan
                                  RACHEL A. DOUGAN, DC Bar # 485507
                                  JASON BRUNO, DC Bar # 472290
                                  Environment and Natural Resources Division
                                  United States Department of Justice
                                  Benjamin Franklin Station, P.O. Box 663
                                  Washington, D.C.  20044-0663
                                  Telephone: (202) 616-5082 (Dougan)
                                  Facsimile: (202) 305-0506
                                  Rachel.Dougan@usdoj.gov

Of Counsel:

CHARLES B. RAMSEY
Office of Associate Chief Counsel
Internal Revenue Service
U.S. Department of Treasury
Washington, D.C.
(202) 622-3110

JANET MASTERS
Office of General Counsel
U.S. Department of Energy
Washington, D.C.
(202) 586-3415

NATALIE APPETTA
Office of Chief Counsel
National Energy Technology Laboratory

U.S. Department of Energy
Morgantown, WV
(304) 285-2035

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008, a copy of the foregoing DEFENDANTS'

MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED

HEARING ON THEIR PENDING MOTION FOR A PRELIMINARY INJUNCTION was

served by CM/ECF electronic filing on the following attorneys of record:

Scott A. Gollwitzer
APPALACHIAN VOICES
16 Eagle Street, Suite 200
Asheville, NC 28801
(828) 505-1963
scott@appvoices.org

Stephen Holmes Novak
WILDLAW
46 Haywood Street
Suite 323
Asheville, NC 28801
(828) 252-9223
wildlawNC@aol.com

/s/ Rachel A. Dougan
Counsel for Defendants