UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPALACHIAN VOICES *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:08-cv-00380-RMU |
| ) | |
| SAMUEL W. BODMAN *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSSITION TO THEIR MOTION FOR AN EXPEDITED HEARING ON THEIR PENDING MOTION FOR A PRELIMINARY INJUNCTION**

Defendants' attempts to mischaracterize Plaintiffs' request for an expedited hearing are flaccid and should, for a number of reasons, be rejected by this Court.

First, Defendants' claim that an expedited hearing is unwarranted because Plaintiffs' injury is merely procedural, see Defs.' Opp. to Exp. Hrn'g, Docket No.12 at 2, ignores both the pleadings, see Docket No. 3 at 12–14, and this Circuit's long-held view that when determining matters on the pleadings the reviewing court '"presumes that general allegations embrace those specific facts that are necessary to support the claim."' Florida Audubon Soc'y v. Bentzen, 94 F.3d 658, 672 (D.C. Cir. 1996) (en banc) (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990)). Assuming, arguendo, that Plaintiffs have not established the facts necessary to support their claim, Plaintiffs' pleadings may be presumed to embrace those facts.

Second, Plaintiffs did not request an expedited hearing until it became evident that Defendants, by doubling Duke Energy's tax credit, are determined to create circumstances under which tax recipients, state regulatory authorities, shareholders and contractors will detrimentally rely on their promises—promises which Defendants may not be able to keep after they've

1

complied with the National Environmental Policy Act as set forth in Plas.' Mem. in Supp. Of Prelim. Inj., Docket No. 3, at 11–12, and Plas.' Reply to Defs.' Opp. to Prelim. Inj., Docket No. 7, at 2–9.

Third, Plaintiffs do not allege that they will be harmed by actions set in motion by third parties. See Defs.' Opp. to Exp. Hrn'g, Docket No. 12 at 1. Rather, Plaintiffs maintain that they will be harmed by a series of events set in motion by actions of the Defendants. Specifically, Defendants' promises of tax credits harms Plaintiffs because these potentially empty commitments will prompt innocent third parties to undertake actions they might not otherwise have taken. Stated another way, but for Defendants' promises, third party tax credit recipients, state regulatory authorities, shareholders and contractors may not have permitted, or begun construction of, Duke Energy's Cliffside power plant or any of the other projects. It is reasonable to question whether the North Carolina Utilities Commission would have permitted (or continue to permit) Duke Energy's project to move forward if Duke's ratepayers were responsible to cover the $125 million tax credit—representing seven percent of total projected costs—had NEPA compliance revealed unacceptable environmental impacts. It is critically important to underscore this point because an injunction prohibiting Defendants' from making hollow promises will benefit Plaintiffs specifically and more generally, the public (e.g. ratepayers), state regulatory authorities, tax credit recipients and their shareholders by removing the risks associated with detrimentally relying upon Defendants' errant commitments.

Fourth, while Plaintiffs can not definitively establish that an injunction would "prevent[ ] [Duke Energy's] project from moving forward," Defs.' Opp. to Exp. Hrn'g, Docket No.12 at 2, an injunction would create a scenario wherein it would be reasonably foreseeable that the North Carolina Utilities Commission would reconsider its approval of Duke Energy's project upon

learning, from Duke Energy's monthly updates, that seven percent of the project's funding has been placed in doubt due to a preliminary injunction suspending allocation of the tax credit. The same holds true for current and future projects buttressed by Defendants' premature promises.

Fifth, Defendants' claim that an expedited hearing is unnecessary because Duke Energy's power plant "is not expected to be operational for years," id., misapprehends the fundamental purpose of injunctive relief as it pertains to the National Environmental Policy Act. As explained by this Court

> When an action is being undertaken in violation of NEPA, there is a presumption that injunctive relief should be granted against continuation of the action until the agency brings itself into compliance. … In determining whether injunctive relief is appropriate, the Court must consider whether declining to issue an injunction might cause an irreversible effect on the environment, until the possible adverse consequences are known. … if a NEPA analysis were done, it might reveal substantial environmental consequences which might be critical to further consideration of the propriety of the action. If an injunction is in the public interest and would serve a remedial purpose, it should be granted.
>
> … [Defendants' action] subverts the very purpose of NEPA, which is to ensure that agencies are fully aware of any adverse environmental effects of their actions, and of all feasible alternatives which may have lesser adverse effects on the environment, so that final decision-making will be informed by a full understanding of relevant environmental impacts.

American Oceans Campaign v. Daley, 183 F. Supp. 2d 1, 21 (internal quotation marks and citations omitted). It makes little sense to, as Defendants suggest, wait until Duke Energy's facility is operating in manner harmful to Plaintiffs and then enjoin those operations pending review of its environmental effects, alternatives thereto, and mitigation measures aimed at minimizing any unavoidable impacts.

Finally, Plaintiffs have not delayed filing this lawsuit for fifteen months. See Defs.' Opp. to Exp. Hrn'g at 2. As explained in previous filings, Plaintiffs notified Defendants about their duty to comply with NEPA on 29 June 2007, see Docket No. 3, at 5, and filed this suit just thirty-

four (34) days after Duke Energy received its permit to begin construction. See Docket No. 7, at 15–16.

## CONCLUSION

Distilled to its essence, Defendants' opposition to an expedited hearing is little more than a stalling tactic designed to "run out clock" by creating an irreconcilable conflict with Congress' mandate to allocate tax credits—in compliance with the National Environmental Policy Act—no later than 08 April 2009. See Docket No. 7, at 5. Just as this Circuit prohibits agencies from "escap[ing] the requirements of NEPA by excessively constricting its statutory interpretation in order to erect a conflict with NEPA policies," Natural Resources Defense Council, Inc. v. Berklund, 609 F.2d 553, 558 (D.C. Cir. 1979), so too should this Court reject Defendants' attempts to escape NEPA by delaying a decision on Plaintiffs' motion for a preliminary injunction. Accordingly, Plaintiffs request this honorable Court to grant their motion for an expedited hearing "unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties." LCvR 65.1(d).

Dated this 29th day of April 2008, at Asheville, North Carolina.

/s/ Scott Gollwitzer
Scott Gollwitzer

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| Scott Gollwitzer | Stephen H. Novak |
| In-house Counsel | Senior Staff Attorney |
| Appalachian Voices | Wildlaw |
| 16 Eagle Street, Suite 200 | 46 Haywood Street, Suite 323 |
| Asheville, NC 28801 | Asheville, NC 28801 |
| Ph: 828.505.1963 | Ph: 828.252.9223 |
| Fax: 828.262.1540 | Fax: 828.252.9074 |
| E-mail: scott@appvoices.org | E-mail: wildlawNC@aol.com |
| D.D.C. Bar No. TN0003 | NC Bar No. 23411 |
| On behalf of Appalachian Voices | On behalf of The Canary Coalition |

OF COUNSEL

Benjamin J. Wakefield
Counsel
Environmental Integrity Project
1920 L Street, N.W., Suite 800
Washington, DC 20036
Phone: 202.263.4442
Fax:    202.296.8822
E-mail: bwakefield@environmentalintegrity.org
D.C. Bar No. 482984

**Certificate of Service**

I hereby certify that on 29 April 2008, notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Scott Gollwitzer
Scott Gollwitzer