UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPALACHIAN VOICES *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:08-cv-00380-RMU |
| ) | |
| SAMUEL W. BODMAN *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Now come Plaintiffs, by and through counsel, and request this honorable Court to strike from the record Defendants' reply to Plaintiffs' opposition to Defendants' motion to dismiss because that reply was submitted after the deadline for filing had passed. In support of this motion, Plaintiffs direct this Court's attention to the following memorandum of law.

**I.   INTRODUCTION**

According to local rules, reply briefs are due no later than five (5) days after the opposition is filed. See LRcV 7(d). Furthermore, it is the responsibility of the parties to keep apprised of and meet these deadlines. See Halmon v. Jones Lang Wootton USA, 355 F. Supp. 2d 239, 244 (D. D.C. 2005) ("Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines."). Indeed, "motions not complying with LCvR 7 will be denied sua sponte." Smith Prop. Holdings, 4411 Conn. L.L.C. v. United States, 311 F. Supp. 2d 69, 77 (D.D.C. 2004). This Court's Standing Order for Civil Cases reinforces the importance of meeting deadlines in order to efficiently mete out justice: "[i]n order to administer this case in a manner consistent with the highest quality of justice, it is **ORDERED** that the parties … ensure that

motions and related submissions comply with Local Civil Rule 7." Standing Order for Civil Cases, Docket No. 15 at 1–2 (emphasis in original). Because Defendants' reply was filed after the deadline established by LCvR 7(d), this Court should grant Plaintiffs' motion to strike.

## II. STATEMENT OF FACTS

On 23 May 2008, Defendants filed a motion to dismiss Plaintiffs' claims. On 03 June 2008, Plaintiffs' timely filed their memorandum in opposition. See LCvR 7(b). Defendants failed to respond within the 5-day time limit—opting instead to file on 13 June 2008 without requesting leave to file late or offering an explanation for their tardiness. On 08 May 2008, this Court served its Standing Order on Defendants. See Docket No. 15.

## III. THIS COURT SHOULD STRIKE DEFENDANTS' LATE-FILED REPLY

Plaintiffs' motion should be granted for a number of reasons. First, this Court's Standing Order for Civil Cases reinforces the unequivocal language of LCvR 7(d)—making it clear that untimely documents are unacceptable in this Court:

> It is the responsibility of both the attorneys and the court to 'secure the just, speedy, and inexpensive determination of every action'… To ensure that this case is resolved fairly and without undue cost or delay, the court directs all counsel to familiarize themselves with … the Local Civil Rules of this court.

Standing Order, Docket No. 15 at 1. Second, this Court's Standing Order also disfavors requests for late filings. See id. at 3. Therefore, if this Court "strongly discourages" motions for extension of time, logic dictates that late-filed submissions, unaccompanied by either a request to file late or an explanation for the untimely filing, would likewise be strongly discouraged. The best way to discourage such filings is to simply strike them.

Third, Defendants' reply should be stricken because they neither requested an extension of time nor explained their late filing. Indeed, the United States District Court for the District of

Columbia routinely strikes late-filed documents unaccompanied by a request for an extension of time or a reasonable explanation for the tardy filing. See Pinkney v. Robinson, 913 F. Supp. 25, 28 fn. 1 (D. D.C. 1996) ("The defendants did not seek an extension from the Court nor did they seek leave to file their reply untimely. Accordingly, the defendants' reply will not be considered by this Court."); see also, Avianca, Inc. v. Corriea, 1991 U.S. Dist. LEXIS 21615, 24-25 (D.D.C. 1991) ("Local rules permit a single reply memorandum 'within five days after service of the memorandum in opposition'… [D]efendants have offered no justification whatsoever for the lateness of their submissions."); Reading v. United States, 2007 U.S. Dist. LEXIS 21400, 2 (D.D.C. 2007) (finding that plaintiffs conceded to defendant's motion to dismiss by failing to reply within LCvR 7(b)'s 11 day deadline).

Here, it is noteworthy that Defendants previously requested an extension of time to file its motion to dismiss—the very document underpinning their late-filed reply. See Docket No. 14. It is also remarkable that in granting Defendants' request, this Court served upon all parties its Standing Order in Civil Cases. Id. Defendants' failure to request an extension of time can only be explained as a maneuver specifically designed to avoid a potentially excoriating denial of that request from this Court because Defendants know that ("[T]he court strongly discourages the filing of motions for extension of time."). Standing Order at 3.

The fourth reason for striking Defendants' reply is that Plaintiffs will be unduly prejudiced by that late filing. Although the United States District Court for the District of Columbia allows late filings, it has only done so in situations that do not prejudice a plaintiff. See e.g., M. Spiegel & Sons v. O'Leary, 943 F. Supp. 4, 6 fn. 1 (D. D.C. 1996). Here, Plaintiffs' will be prejudiced insofar as this case, as this Court has acknowledged, involves some pressing

statutory deadlines.  See Docket entry of 30 April 2008.  Defendants' late filing has now further delayed disposition of this time sensitive matter.  Plaintiffs will also be prejudiced because they have detrimentally relied on the fact the Defendants did not reply.

Indeed, last week, Plaintiffs were anticipating the possibility of filing a surreply beginning on 10 June 2008, see Docket No. 19 at 9, fn. 3, once that deadline passed, Plaintiffs turned their attention to other pressing matters.  Plaintiffs' plans to address other matters were quickly thwarted on Monday morning upon discovering that a possible surreply may be required in response to Defendants' late-filed reply.  If Defendants' reply is allowed, Plaintiffs will have to shift gears, interrupt their present projects, and reorganize their calendars to draft, if necessary, a surreply memorandum in just three days.  Plaintiffs have already been forced to take time out of their busy schedules to draft this motion and should not be further punished by Defendants' failure to comply with rules of which they are well aware.

While the prejudicial effects stemming from Plaintiffs' scheduling upheaval may seem trivial at first blush, upon closer examination it is not.  Plaintiffs take seriously their obligation to "secure the just, speedy, and inexpensive determination of every action."  Standing Order at 1.  In so doing, Plaintiffs had painstakingly set aside time in their busy schedules to address anticipated filings by the Defendants.  It is not unreasonable to expect the same of the Defendants—especially with regard to briefing schedules that they themselves set in motion with a request for an extension of time.  See Docket No. 14.  Unless and until Defendants can demonstrate that they take seriously their duty to "secure the just, speedy, and inexpensive determination of every action," id., they should be prevented from prejudicing Plaintiffs merely because they cannot follow this Court's Standing Order.  Accordingly, this Court should grant Plaintiffs' motion to

strike because Defendants had unequivocal notice of the filing deadline and because Plaintiffs will be prejudiced if required to respond to Defendants' tardy submission.

## CONCLUSION

Defendants' failure to timely file a reply regarding a motion for which it previously sought and received an extension of time to file, is dumbfounding. Plaintiffs' motion to strike should be granted because to do otherwise: (1) would not discourage late filings; (2) would not discourage requests for extensions of time; (3) adds unnecessary delay in resolving this time sensitive dispute; and (4) prejudices this Court's, as well as Plaintiffs', interests in "secur[ing] the just, speedy, and inexpensive determination of every action."

Dated this 17th day of June 2008 at Asheville, North Carolina.

/s/ Scott Gollwitzer
Scott Gollwitzer

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| Scott Gollwitzer | Stephen H. Novak |
| In-house Counsel | Senior Staff Attorney |
| Appalachian Voices | Wildlaw |
| 16 Eagle Street, Suite 200 | 46 Haywood Street, Suite 323 |
| Asheville, NC 28801 | Asheville, NC 28801 |
| Ph: 828.505.1963 | Ph: 828.252.9223 |
| Fax: 828.262.1540 | Fax: 828.252.9074 |
| E-mail: scott@appvoices.org | E-mail: wildlawNC@aol.com |
| D.D.C. Bar No. TN0003 | NC Bar No. 23411 |
| On behalf of Appalachian Voices | On behalf of The Canary Coalition |
| | |
| OF COUNSEL | ALSO ON THE BRIEF |
| | |
| Eric V. Schaffer | Benjamin A. Luckett |
| Executive Director | 2nd Year Student |
| Environmental Integrity Project | Lewis and Clark Law School |
| 1920 L Street, N.W., Suite 800 | |
| Washington, DC 20036 | |
| Phone: 202.263.4442 | |
| Fax:    202.296.8822 | |
| D.C. Bar No. 427669 | |

**Certificate of Service**

I hereby certify that on 17 June 2008, notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Scott Gollwitzer
Scott Gollwitzer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **APPALACHIAN VOICES** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00380-RMU |
| | ) | |
| **SAMUEL W. BODMAN** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' LATE-FILED REPLY**

This matter is presently before the Court upon Plaintiffs' motion to strike Defendants' reply to Plaintiffs' memorandum in opposition to Defendants' motion to dismiss. After reading Plaintiffs' motion to strike, it is clear that Defendants' reply was filed in violation of LCvR 7(d). Defendants filed their reply after the June 10th deadline. Defendants did not request leave to file late nor did they offer any explanation for their tardiness. Because the local rules and this Court's Standing Order in Civil Cases must be followed strictly, Plaintiffs' motion is hereby GRANTED. The clerk is directed to enter judgment striking Defendants' reply to Plaintiffs' memorandum in opposition to Defendants' motion to dismiss. It is so ORDERED.

DATED this _____ day of _____, 2008.

_____
**Ricardo M. Urbina**
United States District Court Judge