# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

APPALACHIAN VOICES and )
THE CANARY COALITION, )
                                     )
               Plaintiffs, )
                                       )
      v. )
                                         )
SAMUEL W. BODMAN, in his official )
capacity as Secretary of the United States )    No. 1:08-cv-00380-RMU
Department of Energy; HENRY M. )
PAULSON, JR., in his official capacity as )
Secretary of the United States Department )
of Treasury; VICTOR K. DER, in his )
official capacity as Deputy Secretary for )
Clean Coal; and JOSEPH GLOVE, III, in )
his official capacity as Program Analyst for )
the Office of Clean Energy Systems, )
                                         )
            Defendants. )
_____)

## JOINT CASE MANAGEMENT STATEMENT

Plaintiffs and Defendants ("the Parties") hereby submit the following Joint Case

Management Statement.

As a preliminary matter, the Parties agree that the National Environmental Policy Act

("NEPA") claim in Plaintiffs' Complaint is brought pursuant to the judicial review provisions of

the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq.. Accordingly, this case is

exempted from Local Civil Rule 16.3 as well as Federal Rule of Civil Procedure 26. See LCvR

16.3(b)(1) (exempting actions "for review on an administrative record"); F.R.Civ.P.

26(a)(1)(B)(i) (same). Nevertheless, the parties set forth below a discussion of the relevant

topics listed in Local Civil Rule 16.3(c) to facilitate case planning.

- 1 -

**1.     Whether the case is likely to be disposed of by dispositive motion**

As set forth in Defendants' pending motion to dismiss, Defendants believe that this Court lacks jurisdiction over Plaintiffs' lawsuit and that this case may be disposed of, in Defendants' favor, by the granting of that motion.  Plaintiffs have opposed Defendants' motion.  The Parties agree that further case proceedings should await a decision on Defendants' motion to dismiss.[1/]

The Parties further agree that should this case proceed to the merits, it can be resolved through a motion for summary judgment, because Plaintiffs' claim arises under the APA.

Defendants believe that discovery is inappropriate in this case because any judicial review of the merits of Plaintiffs' NEPA claim should be confined to the administrative record.  Plaintiffs reserve the right to seek discovery in this case.  However, Plaintiffs hereby withdraw the interrogatories, requests for admission, and requests for production of documents, all dated June 25, 2008, which they previously served on Defendants.

**2.     The date by which other parties shall be joined or the pleadings amended; and whether factual and legal issues can be agreed upon or narrowed.**

The Parties do not anticipate joining any parties to this lawsuit.  Plaintiffs intend to file an amended complaint within 10 days of the filing of this Joint Case Management Statement.

The Parties agree that should this case proceed to the merits, it will be resolved by dispositive motion, which will resolve all legal issues.  In addition, the Parties agree that Plaintiffs' claim arises under the APA, and that this litigation constitutes an action "for review on an administrative record" within the meaning of Local Civil Rule 16.3(b) and Federal Rules

---

[1/]Plaintiffs wish to have this case proceed to the merits as soon as possible.  Defendants agreed to submit this joint case management statement at this time so that, if the motion to dismiss is denied and the case proceeds to the merits, a proposed schedule is in place.

of Civil Procedure 26(a)(1)(B)(i).  Accordingly, this Court is not being called upon to make findings of fact.

**3.        Whether the case should be assigned to a magistrate judge**

The Parties agree that this case should not be assigned to a magistrate judge.

**4.        Whether there is a realistic possibility of settlement; whether the case could benefit from alternative dispute resolution**

The Parties have reviewed Local Civil Rule 16.3(c)(5) and have considered whether this case might benefit from any of the available dispute resolution options.  The Parties agree there is no realistic possibility of settling this case and that ADR would not be helpful.

**5.        Dates for filing of motions for summary judgment and/or cross motions, oppositions, and replies; and proposed date for a decision on the motions**

As noted above, Defendants believe that this Court lacks jurisdiction over this lawsuit and that this case may be resolved by the Court granting Defendants' motion to dismiss. However, should Defendants' motion be denied, the Parties anticipate that the claim in this action will be resolved on summary judgment, following Defendants' preparation and service of the administrative record and related privilege log.  The Parties propose the following schedule for service of the administrative record and for summary judgment briefing.  The Parties note that should the Court grant Defendants' motion to dismiss, the events set forth on this schedule will not be needed because Plaintiffs' lawsuit will be dismissed.

–Plaintiffs will amend their pleadings no later than 10 days after the date on which the parties file this Joint Case Management Statement.

– Defendants will lodge the administrative record and related privilege log no later than 20 calendar days after the date on which the Court decides Defendants' motion to dismiss, but no earlier than September 20, 2008.

– Plaintiffs will file their motion for summary judgment no later than 21 calendar days after the date on which Defendants lodge the administrative record and related privilege log.

– Defendants will file their response to Plaintiffs' motion for summary judgment no later than 21 calendar days after the date on which Plaintiffs file that motion.

–Plaintiffs will file their reply no later than 14 calendar days following the filing of Defendants' response.

Counsel for Plaintiffs have reviewed this Joint Case Management Statement and have authorized the undersigned counsel to sign on behalf of both Parties.

Respectfully submitted this 30th day of July 2008.

<div style="margin-left:40%">

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

/s/ Rachel A. Dougan
RACHEL A. DOUGAN, DC Bar # 485507
JASON BRUNO, DC Bar # 472290
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 616-5082 (Dougan)
Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

</div>