UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPALACHIAN VOICES and<br>THE CANARY COALITION,<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL W. BODMAN, in his official capacity as Secretary of the United States Department of Energy; HENRY M. PAULSON, JR., in his official capacity as Secretary of the United States Department of Treasury; VICTOR K. DER, in his official capacity as Deputy Secretary for Clean Coal; and JOSEPH GLOVE, III, in his official capacity as Program Analyst for the Office of Clean Energy Systems,<br><br>Defendants. | No. 1:08-cv-00380-RMU |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On July 30, 2008, Plaintiffs filed a Notice of Supplemental Authority to notify the Court of a recent decision by the Court of Appeals for the D.C. Circuit – <u>Defenders of Wildlife v. Gutierrez</u>, No. 07-5278, ___ F.3d___, 2008 U.S. App. LEXIS 15294 (D.C. Cir. July 18, 2008) (previously filed as an attachment to Docket No. 24) (hereinafter "<u>Defenders</u> Opinion"). Plaintiffs argue that the case is "remarkably similar to – and therefore controls – the case at bar." Docket No. 24, Not. Supp. Auth. at 1. However, the facts relevant to the standing inquiry here are distinguished from the situation presented in the <u>Defenders</u> case. For the reasons detailed in Defendants' prior filings, Plaintiffs cannot demonstrate Article III standing.

1

In <u>Defenders</u>, the D.C. Circuit held that certain organizations had standing to challenge under the Endangered Species Act the Coast Guard's role in "a traffic separation scheme process." <u>Defenders</u> Opinion, at *28.  The <u>Defenders</u> case was brought against different agencies, involved a different statutory scheme, and presented different legal claims than are at issue in the instant case.  Notably, in its standing analysis, the D.C. Circuit specifically contrasted the situation presented in <u>Defenders</u> from the situation presented in <u>Florida Audubon Society v. Bentsen</u>, 94 F.3d 658 (D.C. Cir. 1996) (*en banc*).  See <u>Defenders</u> Opinion, at *30-*31.  In <u>Florida Audubon Society</u>, the Court held that the plaintiffs lacked standing to bring a NEPA challenge to a tax credit program.  94 F.3d at 669.  Here, Plaintiffs' NEPA challenge to tax credit allocations is highly analogous to the claims presented in <u>Florida Audubon Soc'y</u> and, therefore, should be dismissed for lack of standing.  See Docket No. 18, Defs.' Mem. at 10-12; Docket No. 20, Defs.' Reply at 3-6.

Plaintiffs argue that Defendants played a "much more pronounced and discretionary role" in the allocation of tax credits than Defendants suggest and that for purposes of standing, the Court must assume that Plaintiffs' "view on the merits will prevail." Docket No. 24, Not. Supp. Auth. at 3 (citing <u>Defenders</u> Opinion, at *33).  Plaintiffs' argument fails for two reasons to demonstrate that they have standing to bring their lawsuit.

First, even assuming that Plaintiffs were correct that the Internal Revenue Service ("IRS") had discretion to allocate the tax credit in a manner other than based on the statutory criteria, which it did not, Plaintiffs still cannot meet the causation or redressability elements of causation. The challenged agency action is the IRS' allocation of tax credit in 2006.  Yet, Plaintiffs' alleged "particularized injury" is air quality impacts from one of the third-party

2

proposed projects that was allocated tax credit.  Even if Plaintiffs could show that Defendants have discretion in allocating the tax credit, Plaintiffs have not shown, as they must, that the tax credit is causally connected to Plaintiffs' alleged injury – environmental harms from a third party's proposed power plant.  Plaintiffs have not shown whether or how the allocation of tax credit to a proposed project has any effect on the third party's plans related to that proposed project.  See Docket No. 18, Defs.' Mem. at 9-12; Docket No. 20, Defs.' Reply at 3-6 & 7 n.4.  "The Supreme Court itself has noted the improbability of establishing the necessary likelihood of some result when that result depends on predicting the acts of even a single 'interest group' who is unrepresented in the instant litigation . . . ."  Fla. Audubon Soc'y, 94 F.3d at 670 (citing Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 42-46) (1976)).  Therefore, even assuming Plaintiffs' view was correct and the IRS had broad discretion in allocating tax credits, Plaintiffs still cannot demonstrate standing because they have failed to connect IRS' approval of tax credits to their alleged particularized injuries – environmental harms from one of the projects that was allocated tax credits.

  Second, while the D.C. Circuit's statements in Defenders make clear that courts should be careful "not to decide the questions on the merits" in reviewing standing, Opinion, at *32, the Court need not accept arguments by Plaintiffs that have no evidentiary support.  For example, Plaintiffs have argued, without any citation or support, that Defendants have the ability to put conditions, such as mitigation measures, on the proposed clean coal projects as a result of the tax credit allocation.  Nothing in the Defenders decision directs that courts must accept as true, unsupported statements that are relevant to a party's standing.  Indeed, once challenged, the burden of establishing a federal court's subject matter jurisdiction by a preponderance of the

evidence rests on the party asserting jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Commodity Futures Trading Comm'n v. Nahas, 738 F.2d 487, 492 n. 9 (D.C. Cir. 1984). Because Plaintiffs have not done so here, the Court should dismiss Plaintiffs' lawsuit in its entirety.

Respectfully submitted this 8th day of August 2008.

                              RONALD J. TENPAS
                              Assistant Attorney General
                              Environment and Natural Resources Division

                              /s/ Rachel A. Dougan
                              RACHEL A. DOUGAN, DC Bar # 485507
                              JASON BRUNO, DC Bar # 472290
                              Environment and Natural Resources Division
                              United States Department of Justice
                              Benjamin Franklin Station, P.O. Box 663
                              Washington, D.C.  20044-0663
                              Telephone: (202) 616-5082 (Dougan)
                              Facsimile: (202) 305-0506
                              Rachel.Dougan@usdoj.gov

Of Counsel:

CHARLES B. RAMSEY
Office of Associate Chief Counsel
Internal Revenue Service
U.S. Department of Treasury
Washington, D.C.
(202) 622-3110

JANET MASTERS
Office of General Counsel
U.S. Department of Energy
Washington, D.C.
(202) 586-3415

NATALIE APPETTA
Office of Chief Counsel
National Energy Technology Laboratory

U.S. Department of Energy
Morgantown, WV
(304) 285-2035

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2008, a copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY, was served by CM/ECF electronic filing on the following attorneys of record:

Scott A. Gollwitzer
APPALACHIAN VOICES
16 Eagle Street, Suite 200
Asheville, NC 28801
(828) 505-1963
scott@appvoices.org

Stephen Holmes Novak
WILDLAW
46 Haywood Street
Suite 323
Asheville, NC 28801
(828) 252-9223
wildlawNC@aol.com

      In addition, pursuant to this Court's Standing Order For Civil Cases, a courtesy copy will be served on the Court via courier on August 8, 2008.

                                        /s/ Rachel A. Dougan
                                        Counsel for Defendants